**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4534-18T2

MICHAEL A. PARISO, JR.,

     Plaintiff-Respondent,

v.

MICHELLE L. COOK,
(f/k/a Michelle L. Pariso),

     Defendant-Appellant.

_____

     Argued September 30, 2020 — Decided October 13, 2020

     Before Judges Haas and Mawla.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-21-0334-15.

     Grace E. Kelly argued the cause for appellant (Legal Services of Northwest Jersey, attorneys; Grace E. Kelly, on the briefs).

     Anthony R. Gualano argued the cause for respondent.

PER CURIAM

Defendant Michelle L. Cook appeals from an April 8, 2019 order requiring her to pay all of plaintiff Michael A. Pariso, Jr.'s counsel fees and costs resulting from an unsuccessful post-judgment emergent application she filed for custody. We reverse and remand the counsel fee determination for reconsideration.

The parties had a lengthy divorce process. The complaint for divorce was filed in February 2015, a marital settlement agreement (MSA) was signed in August 2017, and the parties were divorced in March 2018. The parties resolved the custody issues through mediation and signed a memorandum of understanding in August 2015, which designated defendant parent of primary residence and plaintiff parent of alternate residence. In pertinent part, pursuant to the memorandum, plaintiff enjoys parenting time with the parties' son and daughter from Friday to Sunday three weekends every month, holiday, and vacation time. When the parties divorced two years later, the judgment of divorce incorporated the MSA, which maintained the previously agreed to legal and residential custody designations and contained more detailed terms regarding the parties' custody and parenting time rights.

In March 2019, defendant, self-represented, filed an emergent application alleging plaintiff had assaulted the parties' son during a family gathering at defendant's brother's home. Defendant sought "temporary full custody" of the

son, then fourteen years of age, and the daughter, then sixteen, both of whom according to defendant's certification, reported the assault. Defendant also reported the incident to police whom advised her to file a municipal complaint, which she attached to her emergent application. As a result of defendant's application, the trial judge entered an order the same day suspending plaintiff's parenting time pending a return of the matter to court.

Plaintiff filed a certification in opposition to the emergent application denying the allegations and seeking dissolution of the temporary restraints, family counseling, and counsel fees. In addition to plaintiff's certification, he also filed certifications from his mother and brother, which collectively denied any abuse and instead claimed the son's injuries were self-inflicted when he had a tantrum after being asked to clean up in preparation to return to plaintiff. Plaintiff argued defendant should have contacted him before contacting the police and filing her emergent application in order to understand what happened at his brother's residence and urged the court to award fees to deter defendant's "relentless frivolous litigation." Relying on the certifications alone and before the parties appeared for oral argument, the trial judge dissolved the restraints.

On the return date, the parties appeared for a hearing, which according to the transcript, lasted approximately eight minutes. Defendant brought the

children to court and plaintiff brought the eight adults who were present in his brother's home the night of the incident. Taking testimony only from defendant, the trial judge asked her if she was present for the incident. She responded she was not and confirmed that her knowledge was hearsay based on what the children told her. When the judge learned defendant brought the children, presumably to corroborate her claims, he stated: "So bringing your children to court to involve them in a dispute between you and their father is reprehensible." The judge took no further testimony and heard brief argument only from plaintiff's counsel before stating: "I'm going to dissolve everything because this is, obviously, a baseless [a]pplication. It's been satisfactorily explained by your paperwork."

The judge then invited plaintiff's counsel to submit an application for counsel fees and counsel advised him a certification of services was submitted with his opposition to the emergent application. Addressing defendant, the judge then stated: "So, ma'am, why shouldn't I award counsel fees in this case? It seems like this was a frivolous [a]pplication on your part." The following colloquy ensued:

> [Defendant]: . . . . I have experience with . . . plaintiff
> in the past with verbal and physical abuse. . . . We were
> still in the parking lot of where I pick my children up.

4

Telling me the story of what happened. I asked if . . . they wanted to go to the police?

The Court: Did you call . . . plaintiff and say, can you give me your version of what happened or did you just . . . ask the . . . kids if they wanted to go to the police?

[Defendant]: I asked the kids.

The Court: Why would—

[Defendant]: Because—

The Court: — you ask them that? That's another indication that you're —

[Defendant]: — because the —

The Court: — attempting to drive a wedge between them and the other parent in this case.

The transcript shows defendant did not participate further in the proceedings except to acknowledge the judge's ruling that he was reverting to the parties' prior parenting time arrangement. After engaging in a colloquy with plaintiff's counsel the judge instructed him to submit a certification of services containing "a schedule of the hours" spent on the matter. The judge concluded "I do intend to make an award of counsel fees. That may put a stop to . . . [a]pplications of this . . . nature in the future."

Plaintiff's counsel submitted a revised certification of services totaling $7555.55 in fees and costs. Defendant submitted a letter opposing the request

5

for fees arguing the emergent application was not frivolous and explaining that she lives in income-based housing and her inability to pay fees given the expenses associated with the children. The judge signed the April 8, 2019 order, which was prepared by plaintiff's counsel, requiring defendant to pay plaintiff the full amount of fees and costs sought in less than sixty days from the date of the order. Notably, the preamble to the order asserted the court "opined that . . . [d]efendant's actions in the present matter were frivolous and without just cause." The order contained no findings by the trial judge.

On appeal, defendant argues the award of fees was an abuse of discretion. She asserts the judge neither considered the Rule 5:3-5(c) factors nor opposition from defendant, and declared the counsel fee award was to stop defendant from making such applications in the future, yet defendant had not made frequent applications to the court. Defendant argues the trial judge decided the custody dispute without a hearing and did not critically review plaintiff's request for fees before granting plaintiff the entire amount sought. She asserts plaintiff's counsel spent inordinate amounts of time to perform simple tasks, such as reviewing her two page certification and drafting plaintiff's response. Defendant asserts the judge's finding that her application was frivolous did not meet the requirements

of Rule 1:4-8(c) and did not follow the procedure for imposing sanctions under the Rule.

We defer to a trial judge's factfinding "when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). However, "[t]his court does not accord the same deference to a trial judge's legal determinations." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)). "[T]he trial judge's legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review. Our review of a trial court's legal conclusions is always de novo." Reese, 430 N.J. Super. at 568 (citations omitted).

Rule 5:3-5(c) lists nine factors the court must consider in making an award of counsel fees in a family action. Essentially,

> in awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [Mani v. Mani, 183 N.J. 70, 94-95 (2005) (emphasis omitted) (citations omitted).]

Rule 1:4-8(c) states:

> On its own initiative, the court may enter an order describing the specific conduct that appears to violate this rule and directing the attorney or pro se party to show cause why he or she has not violated the rule. The order to show cause shall issue before a voluntary dismissal or settlement of the claims made by or against the pro se party or the attorney who is the subject of the order to show cause.

A pleading may be deemed frivolous when "no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable." United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009) (citation and internal quotations omitted).

We apply an abuse of discretion standard in our review of sanctions under Rule 1:4-8. Id. at 390. An "abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error of judgment." Ibid. (citations omitted).

We appreciate that Family Part judges often confront parents who do not communicate and instead file applications such as the one filed here only to learn after reviewing the opposition that the facts as presented by movant are not what they seem. We also share the trial judge's view that embroiling children in a litigation by ushering them to court may not be in their best interests. However, the facts here were not so clear cut and warranted further investigation

8

by the judge taking more testimony than what occurred in the eight minute hearing, and by interviewing the children to understand what happened in their uncle's house on the night of the incident. Moreover, the record presented to us does not support the judge's findings that defendant was a vexatious litigant.

These issues were briefly cited by the judge as the reasons why he decided to award counsel fees. However, the facts were not developed through testimony to enable the judge to make the necessary findings pursuant to Rule 5:3-5(c) to support the fee award. Indeed, there were no Rule 5:3-5(c) findings at all.

The record does not support the finding that defendant's emergent application was frivolous. The dearth of developed objective facts, the judge's lack of findings regarding the conduct he considered frivolous, and the summary nature of the hearing conducted, deprived defendant of the notice she was entitled to under Rule 1:4-8(c) to understand and adequately defend the court-initiated sanctions.

For these reasons, we reverse and remand the matter for reconsideration. After developing a fuller record, either through testimony or written submissions from both parties, the judge shall decide whether sanctions or counsel fees in the normal course are warranted. We do not address defendant's argument relating to the reasonableness of the nature and amount of time set forth in

9

plaintiff's counsel's certification of services because this will be reviewed anew when the trial judge applies the Rule 5:3-5(c) factors.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION